# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| ELICIA CUTSINGER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:18-CV-4 CAS |
| | ) |
| GYRUS ACMI, INC., et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff Elicia Cutsinger's "Motion for Leave to Amend Case Management Order and Relief from Treating Physician Expert Report Requirement of Section 4(B)(i) with Respect to Brian Van Tine, M.D." Defendants Gyrus ACMI, Inc., Gyrus ACMI, L.P., Olympus Corporation of the Americas, and Olympus America Inc. (collectively, "the Defendants") oppose the motion and have filed a memorandum in opposition. The motion is fully briefed and ripe for review. For the following reasons, the Court will grant plaintiff the relief she requests.

### *Background*

In her Complaint, plaintiff alleges that in 2013 she underwent a laparoscopic surgical procedure in which the surgeon used a device, the GYRUS LPM Plasma Morcellator, to morcellate, or cut into small fragments, her uterus. Plaintiff alleges the Defendants marketed, distributed, and/or sold the GYRUS LPM Plasma Morcellator. She alleges subsequent to that surgery, she was diagnosed with leiomyosarcoma, a deadly form of uterine sarcoma, and that the malignant cells were spread throughout her abdomen and pelvis by the GYRUS LPM Plasma Morcellator, worsening her condition. Plaintiff has undergone extensive treatment for cancer, and one of her treating physicians is Brian Van Tine, M.D., a medical oncologist at Washington University in St. Louis.

Plaintiff filed her Complaint in this Court on January 2, 2018. The parties submitted their Joint Proposed Scheduling Plan ("JSP") on April 12, 2018. The Court issued its Case Management Order ("CMO") on April 25, 2018, which substantially adopted the dates proposed by the parties in their JSP. Subsection 4(b) of the CMO provides:

(i) Plaintiff shall disclose all expert witnesses and shall provide the reports required by Rule 26(a)(2), Fed. R. Civ. P., by **October 5, 2018.** Plaintiff's expert witnesses shall be deposed by **November 14, 2018.** <u>Treating physicians shall be considered expert witnesses under Rule 26(a)(2) to the extent they give testimony as to causation or prognosis.</u>

(ii) Defendants shall disclose all expert witnesses and shall provide the reports required by Rule 26(a)(2), Fed. R. Civ. P., by **December 7, 2018.** Defendants' expert witnesses shall be deposed by **January 4, 2019.**

Doc. 27 at 2 (emphasis in original). Discovery is set to close in this case on January 4, 2019. Trial is set for June 10, 2019.

On October 5, 2018, plaintiff provided defendants her Rule 26(a)(2) expert disclosures. Plaintiff disclosed three retained experts and a number of non-retained experts, including Dr. Van Tine. Plaintiff did not provide a written expert report for Dr. Van Tine.

Prior to plaintiff's expert disclosures, plaintiff's counsel deposed Dr. Van Tine on September 17, 2018.[1] At the deposition, which was videotaped, Dr. Van Tine gave prognosis and causation opinions. Defense counsel was present at the deposition, but she did not question Dr. Van Tine. The deposition was limited in time and was not completed. It has been continued to December 7, 2018, the date defendants' disclosures are due.

---

[1] Dr. Van Tine was also deposed on April 20, 2018, regarding plaintiff's treatment and his opinion regarding her prognosis at the time. The deposition was taken in conjunction with plaintiff's motion to expedite the trial setting, which the Court denied by Order dated May 24, 2018. Doc. 41.

2

In her motion, plaintiff asks that she not be required to submit a written expert report for Dr. Van Tine because she is not getting cooperation from the doctor. Plaintiff's counsel was informed by Washington University that Dr. Van Tine cannot be retained as an expert witness in this case because he is the plaintiff's treating physician. Dr. Van Tine is represented by counsel, and plaintiff's counsel has been informed that pursuant to a Washington University policy, Dr. Van Tine cannot meet with outside counsel except during depositions. Plaintiff counsel has inquired as to whether Dr. Van Tine would be permitted to submit a Rule 26 expert report. Plaintiff's counsel is awaiting clarification on the issue, but states he has been informed that due to Dr. Van Tine's teaching commitments, it is unlikely he would have the time to prepare a Rule 26 expert report, even if he were permitted to do so.

Defendants oppose plaintiff's motion and argue it is untimely because plaintiff has known for six months that Dr. Van Tine would not be able to provide a written expert report, and yet she waited until after the expert disclosure deadline to file her motion. Defendants also argue that Dr. Van Tine's unavailability to write a written expert report does not excuse non-compliance with the CMO or provide good cause to modify the CMO. Defendants argue that they would be prejudiced by plaintiff's failure to provide a written expert report from Dr. Van Tine because deposition testimony is not a substitute for a written report, especially when the testimony will occur simultaneously with (or even after) defendants' expert disclosure deadline.

## *Discussion*

From the briefing, it appears both plaintiff and defendants are under the impression that the Court's CMO and the Federal Rules of Civil Procedure require written expert reports from all treating physicians who will testify as to causation or prognosis. This is not the case.

Rule 26(a)(2) governs the disclosure of expert testimony, and states in relevant part:

3

> *(2)* *Disclosure of Expert Testimony.*
>
> (A) *In General.* In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705.
>
> (B) *Witnesses Who Must Provide a Written Report.* Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case . . . . The report must contain:
>> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
>> (ii) the facts or data considered by the witness in forming them;
>> (iii) any exhibits that will be used to summarize or support them;
>> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
>> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
>> (vi) a statement of the compensation to be paid for the study and testimony in the case.
>
> (C) *Witnesses Who Do Not Provide a Written Report.* Unless otherwise stipulated or ordered by the court, if the witness is not required to provide a written report, this disclosure must state:
>> (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and
>> (ii) a summary of the facts and opinions to which the witness is expected to testify.

Fed. R. Civ. P. 26(a)(2).[2] Under Rule 26, all witnesses who will give expert testimony must be disclosed, but only witnesses "retained or specially employed to provide expert testimony" must submit written expert reports. Fed. R. Civ. P. 26(a)(2)(B). Experts who are not retained or specially

---

[2]Subsection (a)(2) of Rule 26 was amended in April 2010, and the amendment became effective December 1, 2010. In support of their position, defendants cite a number of cases decided by the undersigned, e.g., Mosely v. Highsmith, No. 4:07-CV-1578 CAS, 2010 WL 438612, at *1-2 (E.D. Mo. Oct. 29, 2010); Metcalf v. Lowe's Home Centers, Inc., 4:09-CV-14 CAS, 2010 WL 1657424, at *3 (E.D. Mo. Apr. 26, 2010). These cases were decided prior to the effective date of the 2010 amendment and are not persuasive here.

employed to provide expert testimony are not required to submit written expert reports. Fed. R. Civ. P. 26(a)(2)(C).

Subsection 26(a)(2)(C) was added in 2010 to mandate additional disclosures from experts who are not required to provide written expert reports. According to the Advisory Committee, the amendment was intended to "resolve[ ] a tension that has sometimes prompted courts to require reports under Rule 26(a)(2)(B) even from witnesses exempted from the report requirement. An (a)(2)(B) report is required only from an expert described in (a)(2)(B)." Fed. R. Civ. P. 26 Advisory Committee's Note to 2010 Amendment. The Committee further explained that "[a] witness who is not required to provide a report under Rule 26(a)(2)(B) may both testify as a fact witness and also provide expert testimony under Evidence Rule 702, 703, or 705. Frequent examples include physicians or other health care professionals and employees of a party who do not regularly provide expert testimony. Parties must identify such witnesses under Rule 26(a)(2)(A) and provide the disclosure required under Rule 26(a)(2)(C)."[3] Id.

The Eighth Circuit Court of Appeals recently addressed Rule 26(a)(2)(B) and (C), and concluded that "the nature and extent of the required disclosure turns on whether or not the expert witness is 'retained or specifically [sic] employed to provide expert testimony in the case.'" Vanderberg v. PetCo Animal Supplies Stores, Inc., 906 F.3d 698, 702 (8th Cir. 2018) (quoting Fed. R. Civ. P. 26(a)(2)(B)). "The disclosure rule is less demanding for experts that are not specifically [sic] employed or retained for litigation, such as treating physicians." Id. (emphasis added).

---

[3] The disclosure requirement under subsection (a)(2)(C) is much less extensive than what is required for a written report under subsection (a)(2)(B), and the Committee has cautioned that "[c]ourts must take care against requiring undue detail, keeping in mind that these witnesses have not been specially retained and may not be as responsive to counsel as those who have." Fed. R. Civ. P. 26 Advisory Committee's Note to 2010 Amendment.

The Court's CMO establishes deadlines for when the parties are to disclose expert witnesses and provide reports required by Rule 26(a)(2). The CMO does not mandate that treating physicians must submit written expert reports under subsection (a)(2)(B), only that treating physicians "shall be considered expert witnesses under Rule 26(a)(2) to the extent they give testimony as to causation or prognosis." Doc. 27 at 2. A treating physician would be required to submit a written expert report only if he or she is "retained or specially employed to provide expert testimony in the case." Fed. R. Civ. P. 26(a)(2)(B); see also Vanderberg, 906 F.3d at 702.

Plaintiff disclosed Dr. Van Tine as an expert on October 5, 2018. Dr. Van Tine was disclosed as a non-retained expert, and it is apparent from the record before the Court that he has not been retained or specially employed to provide expert testimony in this case. Plaintiff's counsel is not able to speak with Dr. Van Tine outside of depositions, and Dr. Van Tine is unable or unwilling to provide a written expert report. This is exactly the situation subsection (a)(2)(C) was designed to address. The Court finds Dr. Van Tine has not been retained or specially employed to provide expert testimony in this case and, therefore, Dr. Van Tine need not submit a written expert report under Rule 26(a)(2)(B). Rather plaintiff need only have provided disclosures as to Dr. Van Tine pursuant to subsection (a)(2)(C).[4] The Court will grant plaintiff the relief she requests – Dr. Van Tine need not submit a written expert report – but finds there is no need to amend subsection 4(b) of the CMO. Accordingly,

**IT IS HEREBY ORDERED** that consistent with the terms of this Memorandum and Order, plaintiff Elicia Cutsinger's Motion for Leave to Amend Case Management Order and Relief from

---

[4]On October 5, 2018, plaintiff provided defendants with "Plaintiff's Rule 26(a)(2) Disclosure of Expert Witnesses," which disclosed Dr. Van Tine as a non-retained witness, gave the subject matter on which he was expected to present evidence, and summarized his previous opinion testimony. Doc. 67-4 at 10.

Treating Physician Expert Report Requirement of Section 4(B)(i) with Respect to Brian Van Tine, M.D., is **GRANTED** to the extent that Brian Van Tine, M.D., need not submit a written expert report pursuant to Fed. R. Civ. P. 26(a)(2)(B). [Doc. 67]

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this __20th__ day of November, 2018.