# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| ELICIA CUTSINGER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18-CV-4 CAS |
| | ) | |
| GYRUS ACMI, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER STAYING CASE

This matter is before the Court on Defendants Gyrus ACMI, Inc., Gyrus ACMI, L.P., Olympus Corporation of the Americas, and Olympus America Inc.'s Statement Noting Death of Plaintiff Elicia Cutsinger and Motion to Stay. In light of the issues raised in defendants' motion, the Court will address the motion before plaintiff's counsel has filed a response.

As the Court was previously informed in an emergency motion to preserve evidence, the plaintiff in this case, Elicia Cutsinger, died the evening of February 26, 2019. Plaintiff's counsel has not filed a statement noting death and, as of today's date, no one has made a motion for substitution of the proper party pursuant to Rule 25(a) of the Federal Rules of Civil Procedure. Defendants filed a statement nothing the death of Elicia Cutsinger on March 22, 2019. Under Rule 25, a motion for substitution must be made 90 days after service of the statement noting death, or the action must be dismissed. Fed. R. Civ. P. 25(a)(1).

In addition to their statement noting Ms. Cutsinger's death, defendants also move that this case be stayed pending the substitution of a new plaintiff. Defendants argue that important deadlines and trial are approaching, and a number of issues must be decided before this case can move forward. Defendants note that Ms. Cutsinger's counsel, Clint Casperson, has not indicated to this Court or defendants whether he currently represents any individual or entity who could potentially

be substituted as a plaintiff.  Defendants argue that plaintiff's counsel lacks the authority to file motions and memoranda in this case, citing Higgins v. Deep Discounts LLC, No. 4:18-CV-84 PLC, 2018 WL 4757969, at *2 (E.D. Mo. Oct. 2, 2018), and yet he continues to do so.  See also In re Johnson, 402 B.R. 313, 314 (B.A.P. 8th Cir. 2009) (attorney has no authority to pursue appeal on behalf of client because the attorney-client relationship terminated upon client's death); Kasting v. Am. Family Mut. Ins. Co., 196 F.R.D. 595, 598 (D. Kan. 2000) (holding "once a plaintiff dies, he is no longer a party to the case, and any motions filed on his behalf are tantamount to no motion at all.").

Defendants also note that no potential party has requested to be appointed as personal representative of the estate for purposes of continuing this litigation under Missouri's Survivorship Statute or for purposes of amending the complaint and bringing a cause of action under Missouri's Wrongful Death statute, although discovery in this case indicates Ms. Cutsinger has a number of heirs, including two children, a boyfriend, two sisters and grandchildren.  Defendants also maintain that if and when a substitution is made, the complaint in this case will need to be amended to be one of survivorship or wrongful death, and discovery may be necessary following the autopsy report to determine Ms. Cutsinger's cause of death.  Defendants contend that new dispositive motions may even be warranted, which would require the entry of a new Case Management Order.

The Court agrees that Ms. Cutsinger's death raises a number of procedural and substantive issues that need to be resolved before this case can move forward.  The Court finds, therefore, that in the interest of justice and so as not to prejudice defendants or any potential party plaintiff, defendants' motion to stay should be granted.

The Court will stay this action pending further order by the Court, with the exception that a party or Elicia Cutsinger's successor or representative may file a motion for substitution pursuant

to Rule 25(a) of the Federal Rules of Civil Procedure, and responses to any such motion may be filed pursuant to the Federal Rules of Civil Procedure and the Local Rules of this Court.

Accordingly,

**IT IS HEREBY ORDERED** that Gyrus ACMI, Inc., Gyrus ACMI, L.P., Olympus Corporation of the Americas, and Olympus America Inc.'s motion to stay the proceedings in this case is **GRANTED**. [Doc. 195]

**IT IS FURTHER ORDERED** that further action in the present case is **STAYED** pending further order of this Court, with the exception that any party or Elicia Cutsinger's successor or representative may file a motion for substitution of party pursuant to Rule 25(a) of the Federal Rules of Civil Procedure, and responses to any such motion may be filed pursuant to the Federal Rules of Civil Procedure and the Local Rules of this Court.

**IT IS FURTHER ORDERED** that the June 10, 2019 trial setting is **VACATED.**


_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  26th  day of March, 2019.