# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| ELICIA CUTSINGER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18-CV-4 CAS |
| | ) | |
| GYRUS ACMI, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on a motion to substitute parties, pursuant to Federal Rule of Civil Procedure 25(a). The motion was filed by plaintiff Elicia Cutsinger's surviving children, Amber Long and Jason Cutsinger, who move that they be substituted for the plaintiff in this case. Olympus Corporation of the Americas, Gyrus ACMI, Inc., and Gyrus AMCI, L.P., oppose the motion, which is fully briefed and ripe for review.

### *Background*

Plaintiff Elicia Cutsinger died on February 26, 2019. The Court was informed of this fact on February 28, 2019, during a discovery dispute. On March 22, 2019, defendants filed a Statement Noting Ms. Cutsinger's Death, pursuant to Fed. R. Civ. P. 25(a). Under Rule 25, a motion for substitution must be made 90 days after service of the statement noting death, or the action must be dismissed. Fed. R. Civ. P. 25(a)(1). On April 25, 2019, Amber Long and Jason Cutsinger filed a motion to substitute parties, the motion that is presently at bar.[1] No other person or entity moved to be substituted as plaintiff in this case, and the time to do so under Rule 25(a) has expired.

---

[1] In their motion, movants Amber Long and Jason Cutsinger also request a hearing. The Court finds a hearing is not warranted on the issue.

In her complaint, plaintiff Elicia Cutsinger alleges that in 2013 she underwent a laparoscopic surgical procedure in which the surgeon used a device, the GYRUS LPM Plasma Morcellator, to morcellate, or cut into small fragments, her uterus. Plaintiff alleges that defendants marketed, distributed, and/or sold the GYRUS LPM Plasma Morcellator. She alleges subsequent to that surgery, she was diagnosed with leiomyosarcoma, a deadly form of uterine sarcoma, and that the malignant cells were spread throughout her abdomen and pelvis by the GYRUS LPM Plasma Morcellator, worsening her condition.

Plaintiff Cutsinger brings five counts under Missouri state law against defendants: strict product liability – failure to warn and instruct (Count I); strict product liability – design defect (Count II); negligent misrepresentation and fraud (Count III); negligent undertaking and training (Count IV); and negligent failure to warn (Count V). In their motion, movants Amber Long and Jason Cutsinger, the two adult children of plaintiff Cutsinger, state that they do not seek to pursue these claims on behalf of Ms. Cutsinger's estate, but rather they seek to bring a state wrongful death claim, pursuant to Mo. Rev. Stat. § 537.080.

Defendants oppose movants' motion arguing that Amber Long and Jason Cutsinger are not seeking a substitution of parties, but rather they are attempting to bring an entirely new case with new claims and parties. Defendants argue that the motion is improper because plaintiff's counsel is attempting, through a motion for substitution of parties, to fast track a new wrongful death case and to evade procedural and substantive steps.

*Discussion*

Movants move for substitution under Rule 25(a) of the Federal Rules of Civil Procedure, which provides:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after

2

> service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)

Missouri law recognizes two distinct causes of action for injuries inflicted upon a deceased person. Under Missouri's survival statute, Mo. Rev. Stat. § 537.020, a personal representative of the decedent's estate may bring claims for personal injuries to the decedent, other than those injuries resulting in death. See Smith v. Tang, 926 S.W.2d 716, 718 (Mo. Ct. App. 1996) ("Claims brought under § 537.020 survive only to the personal representative of the decedent's estate and not to his or her heirs." ); see also McConnell v. Commercial Carriers, Inc., No. 4:03-CV-253RWS, 2009 WL 3247304, at *4 (E.D. Mo. Oct. 5, 2009) (same). Missouri's wrongful death statute, Mo. Rev. Stat. § 537.080, on the other hand, provides for certain persons to bring causes of action against alleged tortfeasors for the death of a family member. McClurg v. Mallinckrodt, Inc., 322 F.R.D. 364, 367 (E.D. Mo. 2017) (citing Lawrence v. Beverly Manor, 273 S.W.3d 525, 527 (Mo. 2009)). The statute provides:

> Whenever the death of a person results from any act, conduct, occurrence, transaction, or circumstance which, if death had not ensued, would have entitled such person to recover damages in respect thereof, the person or party who, or the corporation which, would have been liable if death had not ensued shall be liable in an action for damages, notwithstanding the death of the person injured . . . .

Mo. Rev. Stat. § 537.080. The statute does not "revive a cause of action belonging to the deceased," but rather Missouri's wrongful death statute "creates a new cause of action where none existed at common law." Lawrence, 273 S.W.3d at 527.

Movants state in their motion that they do not seek to assert claims on behalf of the estate pursuant to Missouri's survival statute. Instead, movants request that they be substituted for plaintiff in this case, so that they can pursue a wrongful death claim against defendants for the death of Elicia Cutsinger based on the conduct alleged in her complaint.

3

Defendants oppose the motion and argue it is improper to use a motion for substitution of parties under Fed. R. Civ. P. 25(a) to bring a new wrongful death claim in a personal injury suit. Citing to McConnell and McClurg, defendants argue that where a related party seeks relief under Missouri's wrongful death statute, as opposed to the survival statute, the decedent's original claims for personal injury have been abandoned. 322 F.R.D. at 367, 2009 WL 3247304, at *4. Therefore, according to defendants, movants Amber Long and Jason Cutsinger's motion should be denied, and the case dismissed.

The movants respond that defendants have misrepresented the procedural postures of McConnell and McClurg, and in fact, these cases support their motion to substitute. Movants point out that in McConnell the issue before the court was not substitution of parties, but rather amendment to the complaint, as the moving party, the deceased plaintiff's wife, was always a plaintiff in the suit.

In that case, plaintiff Frederick McConnell was injured when he fell from an auto-hauling trailer. 2009 WL 3247304, at *1. Mr. McConnell and his wife sued the commercial carrier for strict product liability, negligence and breach of warranty for the injuries he sustained. Id. The case was later stayed pending bankruptcy, during which time Mr. McConnell died from causes unrelated to his injuries. Id. Four years after his death, Mrs. McConnell moved to reopen the case to bring a wrongful death claim against the defendants. The court in McConnell denied Mrs. McConnell's motion to amend pursuant to Fed. R. Civ. P. 15(a), finding the defendants would be unfairly prejudiced on account of the significant delay. Id. at *6. Furthermore, the court found that the addition of a wrongful death claim "would be an exercise in futility," as Mr. McConnell's death was a result of heart disease and not from injuries due to his fall. Id. at *1, *6.

The Court agrees with movants that McConnell is simply not applicable to the case at bar. The issue in McConnell was not substitution of parties under Fed. R. Civ. P. 25(a), but rather

4

amendment of the complaint under Fed. R. Civ. P. 15(a), as the movant in McConnell was already a party in the case. Here, movants are not parties to this suit, there was no delay following the death of plaintiff, and the movants' theory for their wrongful death claim is not unrelated to the injuries and conduct Ms. Cutsinger alleged in her original complaint.

As for McClurg, the Court agrees with movants that this case supports their position that they should be allowed to be substituted as parties in this suit. In McClurg, three plaintiffs brought personal injury and emotional distress claims in three cases, which were consolidated, against the defendants. 322 F.R.D. 364, 365. All three plaintiffs died of cancer relatively shortly after their complaints were filed. Id. Many months later, there were unopposed motions, pursuant to Fed. R. Civ. P 25(a), to substitute the respective plaintiffs' spouses as plaintiffs in the cases, which were granted. Id. Sometime thereafter the defendants filed motions to dismiss. The defendants argued that the spouses were not the proper parties for substitution under Rule 25(a), because they had not been appointed by a state probate court to be the personal representatives of the decedents' estates. Id. at 366. The spouses responded that they were not pursuing claims under Missouri's survival statute, but rather because the decedents died as a result of the injuries alleged in their complaints – cancer attributable to defendants' conduct – the spouses' claims were wrongful death actions, and they were proper parties under Mo. Rev. Stat. § 537.080. Id. The defendants replied that the wrongful death claims were time-barred because the claims were filed after the applicable statute of limitations had run. Id.

The court in McClurg found that the original plaintiffs had died from the injuries alleged in their complaints, and "their spouses were proper parties and did not need to be appointed as personal representatives of the decedents' estates in order to seek wrongful death damages." Id. The court allowed the new plaintiffs to file amended complaints asserting wrongful death claims under Missouri's wrongful death statute, Mo. Rev. Stat. § 537.080. The court also held that the wrongful

5

death claims were not untimely because they related back to the original complaints. Id. at 368. The court in McClurg further found that the defendants would not be unfairly prejudiced by the substitution of parties or the amendments to the complaints. Id.

The Court agrees with the approach taken by the court in McClurg. Amber Long and Jason Cutsinger are the adult children of plaintiff Elicia Cutsinger, and they are proper parties to bring a wrongful death claim under Mo. Rev. Stat. § 537.080 for her death. Movants seek to assert a wrongful death claim based on the conduct and injuries alleged in Ms. Cutsinger's original complaint. Following substitution, however, Amber Long and Jason Cutsinger must file an amended complaint to assert their wrongful death claim. The Court finds defendants will not be unduly prejudiced by the substitution of parties and amendment to the complaint. Defendants were on notice of Ms. Cutsinger's death, and the motion for substitution of parties was made in a timely manner. Moreover, defendants' concerns about the movants' supposed attempt to evade certain procedural and substantive steps of litigation can be addressed in an amended case management order.

The Court will lift the stay in this case and grant movants' motion for substitution of parties. The Court will also order that the new plaintiffs file an amended complaint. Following the filing of the amended complaint, the Court will enter an amended case management order, for which all the parties will be given the opportunity to provide input.

Accordingly,

**IT IS HEREBY ORDERED** that the stay in this case is **LIFTED.**

**IT IS FURTHER ORDERED** that movants Amber Long and Jason Cutsinger's motion to substitute parties pursuant to Federal Rule of Civil Procedure 25(a) is **GRANTED.** [Doc. 205]

**IT IS FURTHER ORDERED** that the Clerk of Court shall substitute Amber Long and Jason Cutsinger for Elicia Cutsinger as plaintiffs in this case.

**IT IS FURTHER ORDERED** that on or before **July 25, 2019,** plaintiffs Amber Long and Jason Cutsinger shall file an Amended Complaint.

 */s/ Charles A. Shaw*
 **CHARLES A. SHAW**
 **UNITED STATES DISTRICT JUDGE**

Dated this  11th  day of July, 2019.