# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| ELICIA CUTSINGER, et al., | ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | No. 4:18-CV-4 CAS |
| GYRUS ACMI, INC., et al., | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on review of plaintiffs' First Amended Complaint. The Court notes the existence of issues regarding jurisdiction. "In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments." Carlson v. Arrowhead Concrete Works, Inc., 445 F.3d 1046, 1050 (8th Cir. 2006). The Eighth Circuit has admonished district courts to "be attentive to a satisfaction of jurisdictional requirements in all cases." Sanders v. Clemco Indus., 823 F.2d 214, 216 (8th Cir. 1987). Statutes conferring diversity jurisdiction are to be strictly construed. Sheehan v. Gustafson, 967 F.2d 1214, 1215 (8th Cir. 1992).

On July 11, 2019, the Court granted Amber Long and Jason Cutsinger's motion to substitute of parties. The Court found that as the adult children of Elicia Cutsinger, who died on February 26, 2019, they are proper parties to bring a wrongful death claim under Mo. Rev. Stat. § 537.080 for her death. In granting the motion to substitute, the Court ordered plaintiffs Amber Long and Jason Cutsinger to file an amended complaint on or before July 25, 2019. Plaintiffs filed their First Amended Complaint on July 22, 2019.

Plaintiffs Amber Long and Jason Cutsinger bring their First Amended Complaint pursuant to this Court's diversity jurisdiction, alleging state law claims for wrongful death. The First

Amended Complaint asserts that the Court has jurisdiction over the action pursuant to 28 U.S.C. § 1332 because the lawsuit is between citizens of different States and the matter in controversy exceeds the sum of $75,000. To invoke the Court's diversity jurisdiction, the complaint must allege each party's place of citizenship, including allegations of any corporate party's state of incorporation and principal place of business and the citizenship of all the partners in a limited partnership, both general and limited. 28 U.S.C. §§ 1332(a), (c)(1); see Carden v. Arkoma Associates, 494 U.S. 185 (1990); Sanders, 823 F.2d at 215 n.1. The allegations in the First Amended Complaint are insufficient for the Court to determine whether it has diversity jurisdiction over this matter.

The First Amended Complaint alleges that Amber Long and Jason Cutsinger are residents of Missouri but does not allege facts concerning their citizenship. "A complaint that alleges merely residency, rather than citizenship, is insufficient to plead diverse citizenship." 15 Moore's Federal Practice § 102.31; see Sanders, 823 F.2d at 215 n.1.

The First Amended Complaint further alleges that defendant Gyrus Acmi, L.P. is a Minnesota limited partnership, but only names one limited partner, Gyrus Acmi, Inc. In Carden v. Arkoma Associates, 494 U.S. 185 (1990), the Supreme Court held that for diversity purposes, the citizenship of a limited partnership is the citizenship of each of its partners, both general and limited. Id. at 195-96. See Buckley v. Control Data Corp., 923 F.2d 96, 97 (8th Cir. 1991) (applying Carden). "[T]o meet the complete diversity requirement, all partners, limited as well as general, must be diverse from all parties on the opposing side." Lincoln Property Co. v. Roche, 546 U.S. 81, 84 n.1 (2005). As such, the First Amended Complaint does not adequately establish the existence of diversity jurisdiction. See Carden, 494 U.S. at 196-96; Rule 8(a), Federal Rules of Civil Procedure ("A pleading which sets forth a claim for relief shall contain (1) a short and plain

statement of the grounds upon which the court's jurisdiction depends"); see also Sanders, 823 F.2d at 216 (discussing pleading requirements to establish diversity jurisdiction).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs Amber Long and Jason Cutsinger shall file a Second Amended Complaint on or before **July 25, 2019**, which shall include appropriate allegations regarding the citizenship of plaintiffs Amber Long and Jason Cutsinger and defendant Gyrus Acmi, L.P.

**IT IS FURTHER ORDERED** that in the event plaintiffs do not timely comply with this Order, this case will be dismissed without prejudice for lack of subject matter jurisdiction.

　　　　　　　　　　　　　　　　　　＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
　　　　　　　　　　　　　　　　　　**CHARLES A. SHAW**
　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**

Dated this  23rd  day of July, 2019.