UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| AMBER LONG, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 4:18-cv-00004-SEP |
| | ) | |
| GYRUS ACMI, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

Before the Court are Plaintiffs' Motion for Approval of Wrongful Death Settlement (Doc. [343]) and a Joint Motion for Leave to File Under Seal Exhibits 1-4 (Doc. [349]).  For the reasons set forth below, both motions will be granted.

I.    **Background**

In November 2013, Elicia Cutsinger underwent a laparoscopic hysterectomy for treatment of a smooth muscle tumor in the myometrium.  One year later, she was diagnosed with leiomyosarcoma (LMS).  Ms. Cutsinger brought this lawsuit against the distributors of the morcellator used in her hysterectomy, alleging that the device caused an undiagnosed leiomyosarcoma (LMS) to metastasize, turning a curable condition into a fatal cancer.  In 2019, Ms. Cutsinger died of a heart attack, allegedly caused by her treatment for LMS.  Her children, Amber Long and Jason Cutsinger, took up this cause in her place, adding a wrongful death claim to her strict liability claims for failure to warn and for design defects.

After three attempts at mediation, the parties achieved settlement.  Because Plaintiffs bring a claim for wrongful death under Missouri Revised Statute § 537.080, the settlement agreement must be approved by the Court.  To obtain such approval, Plaintiffs submitted the Settlement Agreement and associated documents for the Court's review, and the Court considered the same at a hearing held by videoconference on April 2, 2021.

II.    **Motion to Seal**

The parties filed a Joint Motion for Leave to File Under Seal Exhibits 1-4.  Doc. [349]. Under the current version of the Local Rules, "the Court may order that documents filed in a

civil case be received and maintained by the Clerk under seal" upon a showing of good cause. E.D.Mo. L.R. 13.05.  However, the Eastern District of Missouri has recently adopted a revised Local Rule 13.05,[1] which emphasizes the right of the public to access court materials and requires more careful consideration of the public and private interests affected by sealing court filings.  The revised rule will take effect on June 1, 2021, but the principles it instantiates already apply to this Court.  Therefore, the Court ordered the parties to submit additional authority to support sealing Plaintiffs' exhibits to the Motion for Approval of Wrongful Death Settlement, including the Settlement Agreement, the Plaintiffs' fee agreement with their counsel, the Settlement Statement, and the Plaintiffs' distribution agreement.  Docs. [344-1], [344-2], [344-3], [344-4].

"There is a common-law right of access to judicial records" but the right is not absolute. *IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597-98 (1978)).  Courts must decide whether there are "sufficient grounds to override the common-law right of access and to justify" sealing judicial records.  *Id.* at 1223. The parties provide three bases for sealing the exhibits to the Motion for Approval of Wrongful Death Settlement:  First, the settlement is the product of confidential mediation.  Second, there is no public value in disclosing the terms of the settlement.  And third, the materials implicate Plaintiffs' privacy interests.

Good cause exists to keep the Settlement Agreement and accompanying Settlement Statement (Exhibits 1 and 3) under seal.  "[W]hen the substantial benefits of the settlements are balanced against the harm of sealing the documents from public view . . . the interests of justice weigh in favor of . . . allowing [the parties' settlement agreements] to remain filed under seal." *Williams v. BPV Market Place Investors, L.L.C.*, 2014 WL 5017934, at *2 (E.D. Mo. Oct. 7, 2014).  Based on the parties' representations, the Court finds that the Settlement Agreement, effected through mediation, would not have been achieved if the parties had believed that the terms would become public.  The alternative dispute resolution process is a critical tool to aid parties in settling their claims, and settlements are often possible only if the terms are kept

---

[1] *See* Press Release, United States District Court for the Eastern District of Missouri, USDC-EDMO Adopts Amended Local Rule 13.05 Regarding Sealing Materials Filed with the District Court; Proposed Effective Date of June 1, 2021 (April 16, 2021), https://www.moed.uscourts.gov/news/2021/usdc-edmo-adopts-amended-local-rule-1305-regarding-sealing-materials-filed-district-court.

confidential.  The public has an interest in encouraging settlements, which require fewer public resources than litigation.  Moreover, the Settlement Agreement and accompanying Settlement Statement contain financial information that Plaintiffs have a significant interest in keeping private.  Thus, while the Court acknowledges the public's interest in access to this Court's decisions, it finds that the balance of interests in this case favors allowing the parties to keep the Settlement Agreement and accompanying Settlement Statement sealed.

The other two documents—the contingency fee agreement between Plaintiffs and their counsel and the distribution agreement between Plaintiffs—are not products of confidential settlement negotiations, but they do contain private financial information.  The public's interest in the contents of those documents is significantly weaker than it is in the terms of the settlement.  Therefore, the balance of public and private interests produces the same result, and the Court will grant the parties leave to file those documents under seal.

Notwithstanding the above, the Court notes that the public has a significant interest in access to the settlement's apportionment for attorneys' fees, while the parties' interests in keeping that apportionment private are less substantial.  Courts regularly have to assess the fairness of attorneys' fee arrangements, which would be made considerably more difficult if such apportionments were routinely kept under seal.  The parties nowhere claim any special basis for keeping that information confidential in this case, and the confidentiality of Plaintiffs' attorneys' share of their settlement proceeds is unlikely to have been as critical to the parties' settlement prospects as the confidentiality of the terms of their settlement with each other.  Therefore, the Court will not redact from this Memorandum and Order the share of the settlement proceeds, expressed as a percentage, that is apportioned to Plaintiffs' attorneys' fees.

Lastly, two of the documents currently filed under seal contain redactions.  Docs. [344-1], [344-3].  Now that the Court has granted permission for the settlement documents to remain under seal, Plaintiffs must file complete and unredacted versions on the docket.  As a general rule, a party who files documents under seal should also file public versions with the confidential information redacted, but after reviewing the documents at issue here, the Court finds that "confidential information [is] so embedded . . . that line-by-line redaction is impossible." *IDT Corp*, 709 F.3d at 1224.  If all of the confidential information were redacted, the documents would be unintelligible, and a more limited redaction would not sufficiently

"protect the interests that justify sealing."  *Id.*  Thus, the Court will not require Plaintiffs to file redacted versions on the public docket.

## III.    Motion for Approval of Wrongful Death Settlement

Because Plaintiffs bring a claim for wrongful death under Missouri Revised Statute § 537.080, any settlement agreement must satisfy § 537.095.  That section first requires plaintiffs to "diligently attempt[] to notify all parties having a cause of action under section 537.080." § 537.095(1).  Plaintiffs here have testified that no other parties have a cause of action under § 537.080, so they have satisfied that requirement.

Second, wrongful death plaintiffs must present the proposed settlement agreement for Court approval.  *Id.*  The statute "does not identify a standard for 'approval' of the amount of a settlement," but courts have considered what is fair and just under the factors enumerated in § 537.090,[2] weighted according to "the likelihood of success if the case were to be tried." *Johnson v. City of Hazelwood*, 2017 WL 492822, at *2 (E.D. Mo. Feb. 7, 2017); *see, e.g.*, *Stage ex rel. Stage v. John J. Pershing VA Med. Ctr.*, 2019 WL 7578479 (E.D. Mo. Jan. 18, 2019).

The parties have agreed to settle the claims in this case for a confidential amount [redacted].  Plaintiffs provide the Settlement Statement dated February 26, 2021, that summarizes the distribution of the settlement proceeds.  Doc. [344-3].  That statement includes an itemization of expenses that Plaintiffs' counsel has paid to advance litigating this case.  Both Plaintiffs testify that they believe the settlement amount is fair and just, and the Court agrees. *See Johnson*, 2017 WL 492822, at *4 (deferred to opinion of plaintiffs "with the most to gain or lose by agreeing to the settlement" to determine whether settlement was fair and just).  Further, the expenses outlined in the statement are reasonable for a complex medical product liability case that has settled after three years and extensive discovery.

The Settlement Statement also details the amount of the proceeds to be distributed to Plaintiffs' counsel.  Plaintiffs submit a copy of the contingency fee agreement that they signed upon entering this case as substitute plaintiffs.  Doc. [344-2].  That agreement assigns to Plaintiffs' counsel 40% of any settlement proceeds.  Doc. [343].  To effect the settlement in this case, Plaintiffs' counsel agreed to reduce their share to 34.1%.  Considering the efforts of

---

[2] Section 537.090 provides for damages that are "fair and just . . . having regard to the pecuniary losses suffered by reason of the death, funeral expenses, and the reasonable value of the services, consortium, companionship, comfort, instruction, guidance, counsel, training, and support of" the class of plaintiffs.

Plaintiffs' counsel over the last three years, that share is reasonable.  Lastly, Plaintiffs agree to divide the proceeds in equal measure, which they both testified was fair, and the Court finds no basis for concluding otherwise.  Mo. Rev. Stat. § 537.095(2).

For the foregoing reasons, the Court approves the Settlement Agreement.

## IV.    Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that the Joint Motion for Leave to File Under Seal Exhibits 1-4 (Doc. [349]) is **GRANTED**.  Complete, unredacted versions of all four sealed exhibits must be docketed within thirty (30) days of this Memorandum and Order.  The parties may submit proposed redactions to this Memorandum and Order, consistent with the reasoning above, within seven (7) days of this Memorandum and Order.  Unredacted versions of this Memorandum and Order and the four documents herein authorized to be filed under seal shall remain under seal indefinitely.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Approval of Wrongful Death Settlement (Doc. [343]) is **GRANTED**.

**IT IS FURTHER ORDERED** that the cause of action and all claims for injuries, damages, and losses against Defendants be settled [redacted] inclusive of attorneys' fees and costs, the consideration agreed upon by the parties.

**IT IS FURTHER ORDERED** that Plaintiffs shall collect payment and execute an acknowledgment of satisfaction with the Court within ten (10) days of receipt of a check by their counsel from Defendants for the settlement amount.

**IT IS FURTHER ORDERED** that the settlement proceeds be apportioned and distributed according to the Settlement Statement dated February 26, 2021 (Doc. [344-3]).

**IT IS FURTHER ORDERED** that after the amounts set forth herein have been distributed to all persons owed money pursuant to this Order, Plaintiffs shall file a notice with the Court advising that the payments have been distributed as ordered.

**IT IS FINALLY ORDERED** that upon receipt of payment and distribution to all beneficiaries, attorneys, and others owed money pursuant to this Order, as evidenced by a notice filed with this Court, all claims in this action shall be **DISMISSED WITH PREJUDICE**, and the Court will enter a separate Order to that effect.

**IT IS SO ORDERED.**

Dated this 18th day of May, 2021.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE